UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| PCL (SHIPPING) PTE. LTD., | Civil Action No.: |
| Petitioner, | |
| - against – | |
| TRIORIENT LLC, | OCTOBER 29, 2020 |
| Respondent. | |

**PETITION TO CONFIRM AN ARBITRATION AWARD**

Petitioner PCL (Shipping) Pte. Ltd. ("PCL" or "Petitioner"), by and through its undersigned attorneys, respectfully files this Petition against Respondent Triorient LLC ("Triorient" or "Respondent") pursuant to the Federal Arbitration Act, 9 U.S.C. §§ 1-16 (the "Federal Arbitration Act"), and the Convention on the Recognition and Enforcement of Foreign Arbitral Awards, 9 U.S.C. §§ 201-208 (the "New York Convention"), to confirm to judgment an arbitration award issued on September 16, 2020, by the Society of Maritime Arbitrators of New York in Petitioner PCL's favor against Respondent Triorient in the amount of $1,510,319.50 plus interest, fees, and costs.

**PARTIES**

1. Petitioner PCL was and still is a private limited company organized and existing under the laws of Singapore, with an office and principal place of business at No. 1 Kim Seng Promenade, #07-02 Great World City, Singapore 237994.

2. Respondent Triorient was and still is a limited liability company organized and existing under the laws of Connecticut, with an office and principal place of business at 76 Tokeneke Road, Darien, Connecticut 06820.

21386160-v1

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 9 U.S.C. § 9 (the Federal Arbitration Act), 9 U.S.C. §§ 203 and 207 (the New York Convention), 28 U.S.C. § 1331 (federal question jurisdiction), 28 U.S.C. § 1332 (diversity jurisdiction), and 28 U.S.C. § 1333 (admiralty or maritime jurisdiction).

4. Venue is proper pursuant to 9 U.S.C. § 9 (the Federal Arbitration Act), 9 U.S.C. § 204 (the New York Convention), and 28 U.S.C. § 1391 (because Respondent Triorient resides within the district).

## BACKGROUND

5. Petitioner PCL, as owner of the vessel GLORIOUS SAWARA, and Respondent Triorient, as charterer, entered a Voyage Charter Party on a C.(Ore)7 Mediterranean Iron Ore form with rider clauses dated August 22, 2019. *See* Exhibit A – the "Voyage Charter Party".

6. Clause 32 of the Voyage Charter Party provided that "[a]ny and all differences and disputes of whatsoever nature arising out of this Charter shall be put to arbitration in the City of New York … pursuant to the Rules of the Society of Maritime Arbitrators of New York currently in effect." *See* Exhibit A – the "Voyage Charter Party" at Clause 32.

7. Clause 32 also provided that "[t]he applicable law shall be the general maritime law of the United States, and to the extent there is no conflict the laws of the States of New York." *See* Exhibit A – the "Voyage Charter Party" at Clause 32.

8. Clause 32 further provided that "[a]wards made in pursuance to this clause may include costs, including a reasonable allowance for attorney's fees, and <u>judgment may be entered upon any award made hereunder in any Court having competent jurisdiction in the premises</u>." *See* Exhibit A – the "Voyage Charter Party" at Clause 32 (emphasis added).

9. The Voyage Charter Party concerned the carriage of about "28,000 metric tons 10 percent more or less in Owners option" of manganese ore—"supplied by Charterers"—from Brazil to China.  *See* Exhibit A – the "Voyage Charter Party" at Clause 2.

10. PCL's vessel arrived and tendered its notice of readiness at the load port in Brazil on September 26, 2019, but Triorient did not have a cargo ready to load.  *See* Exhibit B – the "Final Award" at 3.

11. On November 11, 2019, when Triorient failed to provide any cargo to load on the vessel, PCL terminated the Voyage Charter Party.  *See* Exhibit B – the "Final Award" at 5-6.

12. On January 3, 2020, PCL demanded arbitration—claiming Triorient breached its paramount duty under the Voyage Charter Party to provide a cargo—and appointed an arbitrator. *See* Exhibit B – the "Final Award" at 2.

13. On January 23, 2020, Triorient responded and appointed an arbitrator.  *See* Exhibit B – the "Final Award" at 2.

14. On February 7, 2020, the two party-appointed arbitrators jointly appointed a third arbitrator.  *See* Exhibit B – the "Final Award" at 2.

15. On March 25, 2020, the parties fully confirmed their acceptance of the arbitration Panel as constituted.  *See* Exhibit B – the "Final Award" at 2.

16. Thereafter, both parties submitted preliminary applications to the Panel, both parties exchanged information and documents, and PCL submitted a pre-hearing statement supported by four witness declarations and thirty-eight exhibits.  *See*, *e.g.*, Exhibit B – the "Final Award" at 2.

17. However, Triorient's counsel withdrew its representation on August 14, 2020 (*i.e.*, the day Triorient's pre-hearing statement was due).  *See* Exhibit B – the "Final Award" at 2.

18.   The Panel gave Triorient an opportunity to retain new counsel and an extension of time to submit its pre-hearing statement. *See* Exhibit B – the "Final Award" at 2-3.

19.   On September 1, 2020, the Panel closed the proceedings and deliberated upon the record before it, which the Panel specifically noted included "various exchanges between the parties" from which the Panel could clearly determine "Respondent's position would be that its *force majeure* notice was valid and its performance under the charter party was excused." *See* Exhibit B – the "Final Award" at 3 and 6-8.

20.   On September 16, 2020, the Panel unanimously issued a Final Award in favor of PCL against Triorient with the following relief:

a.   
| | |
|---|---:|
| Damages: | $1,348,098.56 |
| Interest: | $44,071.74 |
| Attorney's Fees and Expenses: | $74,799.20 |
| Claim Over for Arbitrators' Fees Paid to Date By PCL: | $25,000.00 |
| Sub Total: | $1,491,969.50 |

b.   "Plus any additional arbitrators' fees and expenses which PCL may be required to pay in the future given the joint and several responsibility of the parties for arbitrators fees and expenses."

c.   Plus interest at the prime lending rate published by the Federal Reserve Bank if the Final Award is not fully satisfied within thirty days (*i.e.*, on or before October 16, 2020).[1]

*See* Exhibit B – the "Final Award" at 11.

21.   On October 26, 2020, following Triorient's failure to pay the "Arbitrator Fee Shortfall" within the thirty day deadline, the Panel issued an invoice to PCL in the amount of $18,350.00. *See* Exhibit B – the "Final Award" at 12; *see also* Exhibit C – the "Arbitrator Fee Shortfall Invoice".

---

[1] Conveniently, the Society of Maritime Arbitrators of New York provides an "Interest Calculator" on its website. *See* http://www.smany.org/interest-calculator.html.

22.     The total sum due under the Final Award is $1,510,319.50 (*i.e.,* $1,491,969.50 plus $18,350.00) plus interest, fees, and costs.

23.     Consistent with Clause 32 of the voyage charter party, the Panel wrote "[j]udgment may be entered upon this award … in any Court having jurisdiction in the premises." *See* Exhibit B – the "Final Award" at 11.

24.     Despite due demand, Triorient has not satisfied the Final Award.

## THE FINAL AWARD MUST BE CONFIRMED

25.     The Federal Arbitration Act, 9 U.S.C. §§ 1-16, provides in pertinent part:

> If the parties in their agreement have agreed that a judgment of the court shall be entered upon the award made pursuant to the arbitration, and shall specify the court, then at any time within one year after the award is made any party to the arbitration may apply to the court so specified for an order confirming the award, and thereupon the court must grant such an order unless the award is vacated, modified, or corrected …

9 U.S.C. § 9.

26.     Additionally, the New York Convention, 9 U.S.C. §§ 201-208, provides in pertinent part:

> Within three years after an arbitral award falling under the Convention is made, any party to the arbitration may apply to any court having jurisdiction under this chapter for an order confirming the award as against any other party to the arbitration. The court shall confirm the award unless it finds one of the grounds for refusal or deferral of recognition or enforcement of the award specified in the said Convention.

9 U.S.C. § 207.

27.     PCL and Triorient agreed that judgment may be entered upon the arbitration award. *See* Exhibit A – the "Voyage Charter Party" at Clause 32 ("[j]udgment may be entered upon this award").

28. PCL and Triorient further agreed that judgment may be entered by this Court. *See* Exhibit A – the "Voyage Charter Party" at Clause 32 ("… in any Court having jurisdiction in the premises.").

29. Furthermore, PCL filed this Petition "within one year after the award" as required by the Federal Arbitration Act, 9 U.S.C. § 9, and "[w]ithin three years after an arbitral award" as required by the New York Convention, 9 U.S.C. § 207.

30. There are no valid grounds, and there are no pending actions, to vacate, modify, or correct the Final Award, 9 U.S.C. §§ 10-11, and there are no valid grounds, and there are no pending actions, to refuse or defer recognition and enforcement of the Final Award, 9 U.S.C. § 207.

31. Accordingly, the Court "must grant" an "order confirming the award", 9 U.S.C. § 9, and "shall confirm the award", 9 U.S.C. § 207.

WHEREFORE, Petitioner PCL respectfully prays that the Court grant an order confirming the Final Award to judgment against Respondent Triorient in the amount of $1,510,319.50 plus interest, *see* ¶ 20(c), together with fees, costs, and interest incurred in connection with this proceeding, and such other and further relief as the Court may deem just, proper, and equitable.

**ROBINSON & COLE LLP**

By: *William J. Egan*
William J. Egan (ct07975 )
Trevor L. Bradley (ct29993)
280 Trumbull Street
Hartford, CT 06103-3597
Tel. No.: (860) 275-8200
Fax No.: (860) 275-8299
E-mail: wegan@rc.com
E-mail: tbradley@rc.com

-and-

**MONTGOMERY McCRACKEN WALKER & RHOADS LLP**

Robert E. O'Connor*
437 Madison Avenue
New York, New York 10022
Tel.:    (212) 867-9500
Email: roconnor@mmwr.com
*Non-appearing counsel*

*Attorneys for Petitioner
PCL (Shipping) Pte. Ltd.*